# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHANG WOOK ROH**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Case No. 21-1291 (RJL) |
| | ) |
| **U.S. CITIZENSHIP AND** | ) |
| **IMMIGRATION SERVICES**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER
(November  1st, 2021) [Dkt. # 3]

Plaintiffs Chang Wook Roh, Hoji Chang, and Hyounjun Chang brought the present suit seeking to compel the Government to adjudicate the plaintiffs' pending immigration-related applications. *See* Compl. ¶¶ 1, 7–19 [Dkt. # 1]. Pending before the Court is the Government defendants' ("the Government") Motion to Transfer or Dismiss ("Defs.' Mot.") [Dkt. # 3], according to which the defendants ask that this case be transferred to the United States District Court for the Southern District of California or, in the alternative, that it be dismissed for improper venue. Plaintiffs oppose such a transfer. For the reasons described below, I agree with the defendants that the District of Columbia is an inconvenient venue and that transfer of this action to the Southern District of California is

warranted. Accordingly, defendants' motion is hereby **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.**[1]

## ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), the Court "may transfer any civil action to any other district . . . where it might have been brought" when such a transfer is in furtherance of both the "interest of justice" and the "convenience of the parties and witnesses." 28 U.S.C. § 1404(a). Deciding whether transfer is warranted involves a two-step inquiry. First, the Court must determine whether the case could have been brought in the proposed transferee district in the first instance. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court weighs the public and private interests at stake in deciding whether the case should in fact be transferred. *Garcia v. Acosta*, 393 F. Supp. 3d 93, 108 (D.D.C. 2019). The movant bears the burden of persuasion to show that transfer of the action is proper. *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014).

Beginning with the first step, the Court must assess whether plaintiffs could have brought this case in the Southern District of California. Venue for suits against federal agencies or federal officials in their official capacity, such as this one, is governed by 28 U.S.C. § 1391(e)(1). That provision provides that a civil action involving no real property may be brought in any judicial district in which (1) a defendant resides, (2) a substantial

---

[1] As defendants acknowledge, when courts adjudicate combined motions to transfer and motions to dismiss in application-specific immigration cases like this one, they routinely address only the motion to transfer and deny without prejudice the motion to dismiss so that the defendants may refile it, if appropriate, after the approved transfer has occurred. *See* Defs.' Mot. at 9–10 (citing *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 (D.D.C. 2009)). I adopt such an approach here.

2

part of the events or omissions giving rise to the claim occurred, or (3) a plaintiff resides. *See* 28 U.S.C. § 1391(e)(1); *Garcia*, 393 F. Supp. 3d at 108–09. Here, at least the third of these options would have supported venue in the transferee district: the plaintiffs admittedly reside in the Southern District of California, in San Diego. *See* Compl. ¶ 3.

Because this case could have been brought in the proposed transferee district, the Court moves to the second step of evaluating whether the case now should be transferred to that district. As noted above, this analysis involves consideration of certain private and public interests, and I find that both of these sets of interests weigh in favor of resolving this case in the Southern District of California.

On the private side, a Court must consider: "(1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Bourdon v. U.S. Dep't of Homeland Sec'y*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017). On balance, I find that these factors tilt toward transfer here. First, the plaintiffs' choice of forum, though usually "entitled to deference," is "conferred considerably less deference when it is not the plaintiffs' home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiffs' home forum." *Id.*; *accord Melnattur v. USCIS*, No. 20-cv-3013, 2021 WL 3722732, at *4–5 (D.D.C. Aug. 23, 2021) (Bates, J.) (according "no deference" to plaintiff's choice where plaintiff "has chosen to bring suit several hundred miles away from his home" and "the defendant prefers the

plaintiff's home forum"). Here, the Government seeks to transfer this case to the plaintiffs' home district in San Diego, and they do so in large part because the applications at issue in this dispute are being adjudicated by the regional office of USCIS located in that district. Indeed, the fact that the activities giving rise to this suit occurred predominantly in the Southern District of California is of "predominant importance." *Bourdon*, 235 F. Supp. 3d at 305. The applications plaintiffs seek to have adjudicated are pending in that district, and indeed plaintiffs were interviewed for purposes of evaluating those applications in that district. *See* Compl. ¶ 12. For much the same reason, the primary witnesses required to prove or defend against plaintiffs' claims—including the plaintiffs themselves—as well as the relevant evidence, are located in the Southern District of California.[2] In light of the lack of deference owed to plaintiffs' choice, defendants' desire to transfer this case to plaintiffs' home forum, and the substantial convenience to be gained by transferring this case, I find the private interests weigh substantially in favor of transfer.

In addition, I find the relevant public interests tip toward transfer as well. The public interests courts consider "include (1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308. The latter of

---

[2] In their opposition to the motion to transfer, plaintiffs theorize that the delay in processing their applications stems from the fact that plaintiff Roh's previously approved Form I-526 is "being considered for revocation" and that such consideration would be occurring in the District of Columbia. *See* Pls.' Opp. to Mot. to Transfer 1–2 [Dkt. # 6]. However, plaintiffs' claim appears to be based on no more than speculation as to the source of the delay. *See id.* Given that the Southern District of California is where the applications at issue ultimately are being adjudicated, where plaintiffs were interviewed in relation to their applications, and where the key witnesses and evidence to prove or defend against plaintiffs' claims are located, I do not find plaintiffs' postulation sufficient to alter my conclusion that transfer is appropriate here.

4

these is "[p]erhaps most important amongst the public factors," *Wolfram Alpha LLC v. Cucinelli*, 490 F. Supp. 3d 324, 338 (D.D.C. 2020), and here it weighs substantially in favor of transfer to the Southern District of California. Ultimately, this case involves plaintiff residents of that district challenging a delay in adjudication of an immigration application by Government officials also located in that district; such a controversy has consistently been held by this court to be a local one subject to transfer. *E.g.*, *Bourdon*, 235 F. Supp. 3d at 308 (finding case where "Plaintiff resides within the Southern District of Florida and Plaintiff's petition was adjudicated and denied by the USCIS West Palm Beach Field Office located in that District" to be subject to transfer to the Southern District of Florida under this factor). Additionally, the remaining public factors are neutral or weigh slightly in favor of transfer. Plaintiffs are pursuing federal claims that involve the interpretation of federal law, which the district courts in question are presumed to be equally able to handle. *Wolfram*, 490 F. Supp. 3d at 335. Additionally, the relative congestion of the two districts here varies depending on the metric used;[3] in any event, "these statistics are not perfect indicators of court congestion" and any marginal discrepancy in congestion could not outweigh the interest in locally resolving local disputes possessed here by the Southern District of California. *See Wolfram*, 490 F. Supp. 3d at 336. In sum, I find that both the private and public interest factors, taken together, weigh substantially in favor of transfer of this case to the Southern District of California.

---

[3] *See* U.S. District Court—Caseload Statistics Data Tables (showing, as of March 2021, a higher total per-judge caseload in the Southern District of California and a higher civil per-judge caseload in the District of Columbia), *available at* https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables.

## CONCLUSION

Accordingly, for the reasons stated above, and upon consideration of the parties' submissions and the entire record herein, it is hereby

**ORDERED** that Defendants' Motion to Transfer and Dismiss [Dkt. #3] is **GRANTED IN PART** and **DENIED IN PART**; it is **GRANTED** with respect to the motion to transfer and **DENIED WITHOUT PREJUDICE** with respect to the motion to dismiss; it is further

**ORDERED** that the Clerk of Court shall transfer this action to the United States District Court for the Southern District of California; and it is further

**ORDERED** that defendants shall have leave to refile a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure within 21 days of this action being docketed with the transferee court.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge